UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL BECKMAN, | ) |
| Plaintiff, | ) |
| v. | ) 13-CV-3025 |
| MICHELLE SADDLER, HUGHES LOCHARD, FORREST ASHBY, DALE KUNE, TARRY WILLIAMS, and EUGENE MCADORY,[1] | ) |
| Defendants. | ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis. He alleges that the top bunks at the facility have no guard rails or ladders, and that he has fallen out of the top bunk twice while sleeping, sustaining serious injuries.

The Court cannot rule out a possible claim for deliberate indifference to a substantial risk of serious harm arising from the alleged failure to provide ladders and guard rails on the top bunks.

---

[1] Plaintiff spells this as "McDory" but the Court knows from other cases that the proper spelling is "McAdory."

1

The claim will proceed against Defendants Saddler and Ashby, who might plausibly have the authority to remedy this problem. However, no plausible inference of personal responsibility arises against Dr. Lochard, Dale Kune (the security director), Tarry Williams, or Eugene McAdory (former security directors).

IT IS ORDERED:

1. The hearing scheduled for March 11, 2013, is cancelled. The clerk is directed to notify Plaintiff's prison of the cancellation.

2. Pursuant to its review of the Complaint, the Court finds that Plaintiff states a federal constitutional claim against Defendants Saddler and Ashby arising from failure to provide guard rails and ladders for the top bunks at Rushville Treatment and Detention Center. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. Defendants Lochard, Williams, Kune, and McAdory are dismissed.

4. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) this order.

5. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8. Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be stricken by the Court.

9. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.

If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

10. This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on May 20, 2013 at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

11. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

12. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED: March 5, 2013

FOR THE COURT:

                s/Sue E. Myerscough
                SUE E. MYERSCOUGH
                UNITED STATES DISTRICT JUDGE